**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eric GODWIN, Defendant–Appellant.**

**No. 98–3763.**

United States Court of Appeals,
Seventh Circuit.

Argued April 6, 1999.

Decided Jan. 27, 2000.

Rehearing and Suggestion for Rehearing En Banc Denied March 7, 2000.

John W. Vaudreuil (argued), Peggy A. Lautenschlager, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Briane F. Pagel, Jr. (argued), Madison, WI, for Defendant–Appellant.

Before KANNE, DIANE P. WOOD, and EVANS, Circuit Judges.

DIANE P. WOOD, Circuit Judge.

After Eric Godwin pleaded guilty to one count of conspiring to possess cocaine base with the intent to distribute it, in violation of 21 U.S.C. § 846, he was sentenced to 120 months' imprisonment and five years' supervised release. In this appeal, he claims that the district court violated Rule 11 in accepting his guilty plea and that his counsel was ineffective. We affirm his conviction.

Godwin was indicted along with nine other co-defendants involved in the same drug conspiracy. The government produced a great deal of evidence of the conspiracy during discovery, including post-arrest statements by some of the defendants, statements by the two previously convicted leaders of the conspiracy, and wiretap tapes. This led Godwin and six of his co-defendants to plead guilty; two others went to trial and were acquitted, and one managed to get the charges against him dismissed prior to trial.

Godwin now wants to withdraw his guilty plea, even though his trial counsel made no motion to do so before the district court. Through different counsel on appeal, however, Godwin asserts that trial counsel was ineffective throughout the guilty plea proceedings and sentencing. He also argues that the trial court failed properly to follow Fed.R.Crim.P. 11 prior to his plea of guilty, and thus that he should .be entitled to withdraw the plea and take his chances at trial (chances that

he apparently now believes are better than he had thought before, given the fate of his co-defendants).

### I

Because Godwin never tried to withdraw his guilty plea at trial, we must consider first whether he can raise this point on appeal, and if so, what standard of review should apply to it. If he indeed received ineffective assistance of counsel before the trial court, and this led to the omission, then we would review the Rule 11 claim just as we would have done if the proper objections had been made. Normally, of course, a guilty plea is valid only if the defendant entered the plea knowingly and voluntarily. *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The protections contained in Rule 11 are designed to assure that these criteria are met. Before the court may accept a defendant's guilty plea, Rule 11 requires it to assure itself that the defendant understands the nature of the charge, the maximum and minimum penalties for it, and the fact that if she pleads guilty she is giving up constitutional rights, including her right to a jury trial. Fed.R.Crim.P. 11(c). We may disregard deviations from procedures described in Rule 11, however, if those deviations do not affect substantial rights. Fed. R.Crim.P. 11(h). Therefore, when we review a potential Rule 11 violation, we examine the total circumstances surrounding the plea, and are satisfied if we decide that the defendant was informed of her rights and understood the consequences of her plea. *United States v. Mitchell,* 58 F.3d 1221, 1224 (7th Cir.1995).

In this case, even if we were to conclude that Godwin has not waived or forfeited his right to challenge the Rule 11 proceedings, he is no better off than he was before. The trial court followed Rule 11 to the letter at the plea hearing, taking great pains to make sure that Godwin's plea was knowing and voluntary. First, the judge had the prosecuting attorney explain the charge and potential penalty to Godwin. When Godwin tendered a plea of guilty, the judge discussed each required topic with him: the plea agreement; the maximum and minimum sentence; the right to a jury trial, presumption of innocence, right to cross examine witnesses and right against self incrimination that Godwin would be giving up if he continued to plead guilty; and whether Godwin had an adequate opportunity to speak with his lawyer regarding possible defenses. Throughout this conversation, the judge repeatedly asked Godwin if he understood all that he was agreeing to, and if his agreement was voluntary. Godwin consistently replied "yes." Next, the judge asked Godwin about his role in the conspiracy, in order to determine if the conduct Godwin was admitting to actually formed the basis for the charged crime. Finally, the judge accepted Godwin's plea, finding that "the defendant has entered a plea of guilty knowingly, understandingly and voluntarily after an adequate opportunity to consult with his attorney, and with an understanding of the nature of the charge, and with an understanding of the consequences of a plea of guilty." Tr. 17.

There is nothing in the record that would indicate that Godwin did not understand his rights. Godwin has a tenth grade education, and was informed of the charge, its penalties, and all of his rights. He never hesitated in asserting that he understood all that he was told.

Godwin insists that, even if the judge otherwise followed the parameters of Rule 11, the judge erred when she asked him about the facts of the conspiracy during the plea hearing. Godwin is wrong. Rule 11 encourages this kind of factual questioning by providing that a judge should not enter a judgment on a plea of guilty without being satisfied that there is a factual basis for the plea. Fed. R.Crim.P. 11(f). Moreover, Godwin had nothing to fear from this line of questioning, because statements made at the plea hearing regarding a plea of guilty cannot be used against the defendant later in any

civil or criminal proceeding. Fed. R.Crim.P. 11(e).

## II

■ We turn, then, to Godwin's claim that he received ineffective assistance, insofar as this argument operates to do more than preserve his Rule 11 claim. Godwin asserts that his attorney, Steven Luchsinger, was ineffective and thereby deprived him of his Sixth Amendment right to effective assistance of counsel. We test Godwin's ineffective assistance of counsel claim under the two prong inquiry of *Strickland v. Washington,* asking if Godwin has shown that Luchsinger's performance fell below the legal profession's objective standards for reasonably effective representation, and if this deficiency prejudiced Godwin's defense. 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Our inquiry must be confined to facts that appear in the record as it now stands—a limitation that almost invariably dooms these claims when they are raised on direct appeal. See *United States v. Taglia,* 922 F.2d 413, 417 (7th Cir.1991); see also *United States v. Fish,* 34 F.3d 488, 491–92(7th Cir.1994).

■ In evaluating Luchsinger's performance, we begin with the general presumption that his conduct falls within the wide range of reasonable professional assistance. *United States ex rel. Partee v. Lane,* 926 F.2d 694, 700 (7th Cir.1991). We refrain from second guessing an attorney's tactical decisions. *United States v. Brooks,* 125 F.3d 484, 496 (7th Cir.1997).

■ Godwin complains that Luchsinger did not file any pretrial motions, did not try to reconcile confusion in the presentence report as to how much cocaine to attribute to Godwin, and failed to withdraw Godwin's guilty plea after the plea sentencing hearing. None of these actions constitute unreasonable performance. Though the other indicted defendants filed several motions, Luchsinger refrained from doing so, stating openly that his decision was a tactical one. Godwin has not shown that Luchsinger's decision was not strategically based. It was reasonable, in the face of the evidence against Godwin that the government had turned over to defense counsel, for Luchsinger to decide to cooperate with the government from the get-go. It was also well within the range of normal strategic choice for Luchsinger to advise Godwin to file a guilty plea relatively early on, pursuant to a plea agreement. This cooperation earned Godwin a three level reduction for acceptance of responsibility, under U.S.S.G. § 3E1.1(b), at sentencing.

■ Nor was Luchsinger remiss in accepting the presentence report without challenge. There was some confusion about how much cocaine was attributable to Godwin. Luchsinger chose not to mention the issue, though, again for reasons that fall within the bounds of acceptable tactics. In fact, the presentence report actually helped Godwin, because it held Godwin responsible for the lower of the possible amount of cocaine, 100 grams. Luchsinger's acquiescence may have avoided the risk that Godwin would be held responsible for the far greater amount implicit in an admission he made in one interview, in which he had said he purchased two or three "eight balls" (1/8 ounce, or about 3.5 grams each) a week from September 1996 until December 1997.

Finally, the trial record furnishes no reason to second-guess Luchsinger's decision not to try to withdraw Godwin's guilty plea based on the plea hearing. There was nothing wrong with the hearing, and no reason for Luchsinger to challenge the hearing or try to change Godwin's plea.

■ Even if Godwin had shown that Luchsinger's performance was unreasonable, his ineffective assistance argument would fail because he has not shown that he was in any way prejudiced by Luchsinger's actions. To show prejudice, Godwin must show that there is a reasonable probability that the result of his proceeding would have been different without

Luchsinger's errors. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052. We entertain a strong presumption that Godwin was not prejudiced. *Lane,* 926 F.2d at 700–01.

Godwin was sentenced to 120 months' imprisonment, the lowest in a 120–135 month imprisonment range. He received a three level reduction in his offense level for accepting responsibility. If Luchsinger had not helped Godwin to accept early responsibility, Godwin might have done much worse. Godwin offers no argument to the contrary except to mention that his co-defendants all fared better than he did: two were acquitted, and the rest got shorter sentences. But there is no reason in the record to compare Godwin with his co-defendants. Their criminal histories as well as the evidence against them may have been very different from Godwin's. Because Godwin does not explain why he would have done as well as his co-defendants, or any better than he actually did, if his attorney had acted differently, he has failed to show *Strickland* prejudice.

We therefore AFFIRM the judgment of the district court.