**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marvin SMITH, Defendant–Appellant.**

No. 00–2530.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 5, 2001.*

Decided Feb. 7, 2001.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before EASTERBROOK, MANION, and DIANE P. WOOD, Circuit Judges.

### ORDER

Marvin Smith pleaded guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 110 months' imprisonment. Smith filed a notice of appeal, but his attorney, finding no meritorious issues to advance on Smith's behalf, has moved to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Because counsel's *Anders* brief is facially adequate, we limit our review to the potential issues raised in it and in the response Smith filed under Seventh Circuit Rule 51(b). *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

 Counsel first assesses whether Smith might challenge the validity of his guilty plea, but observes that the issue would be subject only to plain error review because Smith never moved to withdraw his plea, *see United States v. Akinsola*, 105 F.3d 331, 333 (7th Cir.1997), and concludes that such a challenge would be frivolous because the district court fully complied with Federal Rule of Criminal Procedure 11. Having reviewed the transcript of the change-of-plea hearing, we agree. The district court, after determining that Smith was competent to enter a plea, thoroughly admonished him regarding the nature of the charge, the possible penalties, and the various rights he would waive by pleading guilty. *See* Fed.R.Crim.P. 11(c), (d). Smith responded that he understood these admonitions and that he was entering the plea voluntarily; such representations are presumed truthful. *See Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). Accordingly, any appeal based on the validity of Smith's plea would be frivolous under these circumstances. *See, e.g., United States v. Godwin*, 202 F.3d 969, 972 (7th Cir.), *cert. denied*, 529 U.S. 1138, 120 S.Ct. 2023, 146 L.Ed.2d 970 (2000).

 Counsel next considers whether Smith might challenge his sentence, but notes that counsel stipulated to Smith's offense level, Smith stipulated to the quantity of drugs he distributed in the plea agreement, and that both Smith and counsel agreed at sentencing that they had no objections to the PSR other than one based on § 3B1.2. Accordingly, all other objections to Smith's sentence have been waived. *See United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000) (verbal assent to PSR operates as waiver); *United States v. Robinson*, 14 F.3d 1200, 1206 (7th Cir. 1994) (admission to drug quantity in plea agreement operates as waiver). Counsel examines whether Smith might dispute the district court's denial of a two-level "minor role" reduction in his offense level,

U.S.S.G. § 3B1.2(b), and Smith, too, urges this strategy in his response. Smith had acted as a go-between in the transaction in question: he took drugs from a man named Critton, presented them to an undercover agent for her approval, accepted and counted the agent's cash, and then turned the cash over to Critton, who was present and had supervised the entire transaction. Smith notes in his response that he never "controlled" the drugs, that he handed the money over to Critton immediately, and that Critton–not Smith–arranged the sale. Smith further suggests that he was not "predisposed" to illegal activity, but became involved only when Critton approached him and offered him "a few dollars or some drugs" for his assistance. (Smith, an addict, took the payment in drugs.) But as counsel observes, a defendant sentenced based only on the amount of drugs he handled, as Smith was, is not entitled to a § 3B1.2 reduction. *See United States v. Lampkins*, 47 F.3d 175, 181 (7th Cir.1995). Any argument that the district court committed clear error when it denied Smith the reduction would be frivolous.

Smith's other proposed issue–that counsel provided ineffective assistance by failing to "investigate" and "prepare a defense" and by "coerc[ing]" Smith to plead guilty–is not ripe for appellate adjudication. Because the record includes no clear evidence that counsel was ineffective, Smith must pursue this claim, if at all, in a collateral proceeding. *See United States v. Garrett*, 90 F.3d 210, 214–15 (7th Cir. 1996).

Accordingly, we GRANT counsel's Motion to Withdraw and DISMISS Smith's appeal.