UNITED STATES of America,
Plaintiff–Appellee,

v.

Solomon SCAIFE, Defendant–
Appellant.

No. 00–1350.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 22, 2001.

Decided Feb. 23, 2001.

Before Hon. BAUER, Hon. CUDAHY, and Hon. POSNER, Circuit Judges.

ORDER

Solomon Scaife pleaded guilty to one count of conspiracy, 18 U.S.C. § 371, one count of mail fraud, 18 U.S.C. § 1341, and two counts of interstate transportation of stolen money, 18 U.S.C. § 2314. Scaife had operated several businesses that purportedly financed, designed, built, and furnished new churches throughout the country, but instead defrauded the congregations out of approximately $700,000. Scaife was sentenced to concurrent 32 month terms of imprisonment on each count, three years of supervised release, and restitution. Scaife filed a timely notice of appeal, but his appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considers an appeal to be without merit or possibility of success. Scaife was notified that he could respond to counsel's *Anders* brief pursuant to Circuit Rule 51(b), but he did not. Counsel's brief is adequate on its face, so we limit our review of the record to the potential issues it identifies. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first considers whether Scaife might contend that his plea colloquy did not satisfy Rule 11 of the Federal Rules of Criminal Procedure. Because

Scaife did not move pursuant to Federal Rule of Criminal Procedure 32(e) to withdraw his guilty pleas, we would review a challenge to their propriety only for plain error. *See United States v. Davis,* 121 F.3d 335, 338 (7th Cir.1997). We will uphold a guilty plea if we are satisfied that the defendant was informed of his rights and understood the consequences of his plea. *United States v. Godwin,* 202 F.3d 969, 972 (7th Cir.2000). After reviewing the plea hearing transcript, we agree with counsel that an appeal based on the propriety of Scaife's guilty pleas would be frivolous. In accordance with Rule 11, the district court ensured that Scaife understood the nature of the charges against him, the maximum and minimum penalties, the existence and likely effect of the sentencing guidelines, and the various rights he would waive by pleading guilty. The court also informed Scaife of the government's intention to seek $700,648.13 in restitution. Finally, the court required the government to proffer an adequate factual basis for its case, with which Scaife agreed. Scaife acknowledged under oath that he understood the consequences of his guilty plea, that he had not been pressured or coerced to plead guilty, and that his plea was voluntary. These representations are presumed truthful. *United States v. Gwiazdzinski,* 141 F.3d 784, 788 (7th Cir.1998).

Counsel next suggests that Scaife might argue that the district court erred in calculating the amount of loss attributable to Scaife's relevant conduct. Counsel notes, however, that Scaife stipulated to the amount of loss as $700,648.13 in his plea agreement. Furthermore, at his change of plea hearing, Scaife agreed with the government's proffer, which pegged the loss at $700,648.13. Counsel correctly observes that facts stipulated to in a plea agreement are conclusively admitted. *United States v. Newman,* 148 F.3d 871, 878 (7th Cir.1998). Any argument Scaife may raise that the district court erred in calculating this amount or in refusing to hold an evidentiary hearing to determine the amount would therefore be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.