UNITED STATES of America,
Plaintiff–Appellee,

v.

Tom COLLINS, Defendant–Appellant.

No. 00–3467.

United States Court of Appeals,
Seventh Circuit.

Submitted March 12, 2001.

Decided March 12, 2001.

**534**

Before BAUER, KANNE, and ROVNER, Circuit Judges.

### ORDER

In September 2000 Tom Collins pleaded guilty to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). The plea agreement included an express waiver of Collins's right to appeal his sentences, but he nonetheless filed a pro se notice of appeal. Appointed counsel has moved to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes there are no non-frivolous issues for appeal. Collins was notified of his attorney's motion under Circuit Rule 51(b) but did not file a response. We therefore confine our review to the potential issues identified in counsel's brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). Because we agree that these potential issues are frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

Collins participated in a marijuana trafficking conspiracy that lasted for several years and moved several thousand kilograms of marijuana from Texas to Indiana. When one of his Texas sources told Collins he would no longer be able to supply marijuana, Collins traveled to Texas with an accomplice to remedy the dispute. On the return trip to Indiana, Collins was stopped by Texas authorities who discovered a 9mm Glock handgun and 181 pounds of marijuana in Collins's possession. A grand jury subsequently indicted Collins on thirteen counts.

Collins opted to execute an agreement calling for him to plead guilty to Counts 8, 11, and 12 of the indictment and cooperate with the government. In exchange the government agreed to dismiss the remaining ten counts and move for a substantial-assistance downward departure under U.S.S.G. § 5K1.1. The district court accepted the plea agreement and granted the government's § 5K1.1 motion, departing downward the equivalent of two offense levels on the drug possession and money laundering counts. The court sentenced Collins to a total of 238 months' imprisonment, concurrent three-year terms of supervised release, $300 in special assessments, and a $15,000 fine.

First, counsel considers whether Collins could argue that his guilty pleas were invalid because they were not knowing and

voluntary. As counsel suggests, we would employ a "totality of the circumstances" analysis in determining whether Collins understood his rights when he pleaded guilty, *see United States v. Fernandez*, 205 F.3d 1020, 1025 (7th Cir.2000), and determine whether the district court complied with Federal Rule of Criminal Procedure 11 in advising Collins of the nature of the charge, the possible penalties, and the rights he was waiving by pleading guilty, *see* Fed.R.Crim.P. 11(c); *United States v. Godwin*, 202 F.3d 969, 972 (7th Cir.2000). The transcript of the Rule 11 colloquy reveals that the district court explained the elements of each charge against Collins and inquired whether he understood the nature of these charges. Furthermore, the district court advised Collins of the maximum penalties that could be imposed and generally explained the operation of the sentencing guidelines. In addition, the court outlined the consequences of the plea agreement and explained to Collins which rights he was waiving by pleading guilty. Because the district court substantially complied with the requirements of Rule 11, we agree with counsel that any argument that Collins's guilty pleas were not knowing and voluntary would be frivolous.

Counsel also questions whether Collins could raise any issues with respect to sentencing. But in his plea agreement Collins expressly waived all challenges he might have raised with respect to his sentence, including the manner in which they were calculated. The district court questioned Collins regarding the waiver-of-appeal provision, and Collins stated that he understood the waiver. We have already determined that it would be frivolous for Collins to challenge the voluntariness of his plea

agreement and guilty pleas, and so the waiver-of-appeal provision would prevent our review of any sentencing issues. *See United States v. Woolley*, 123 F.3d 627, 631–32 (7th Cir.1997); *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir.1995). Thus, we agree with counsel that any argument challenging Collins's sentences would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw from the appeal and DISMISS the appeal.