**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony W. BAREFIELD, Defendant–Appellant.**

**No. 00–2085.**

United States Court of Appeals, Seventh Circuit.

Argued March 6, 2001.

Decided March 27, 2001.

▮

---

Before Hon. THOMAS E. FAIRCHILD, Hon. RICHARD D. CUDAHY, and Hon. KENNETH F. RIPPLE, Circuit Judges.

ORDER

Anthony Barefield pleaded guilty to one count of conspiracy for his role in an interstate auto-theft ring, *see* 18 U.S.C. §§ 371, 511, 2312, 2313, and was sentenced to 15 months' imprisonment and three years' supervised release. Barefield now appeals, claiming that he received ineffective assistance of counsel because his lawyer failed to raise a statute-of-limitations defense. We affirm.

On April 22, 1999, a grand jury returned a 17–count indictment charging in Count One, the count naming appellant Anthony Barefield, that from around August 1991 until at least April 1998 various members of the Barefield family conspired to possess and sell stolen cars, transport them across state lines, and alter their vehicle identification numbers ("VINs"). The indictment alleged that each of the charged members of the Barefield clan engaged in numerous car thefts and other overt acts in furtherance of the conspiracy; it also specifically described each theft and each person's role, including Anthony Barefield's involvement in two specific incidents.

In November 1999, Barefield pleaded guilty to Count One pursuant to a written plea agreement. At the change-of-plea hearing, the prosecutor read into the rec-

ord a factual basis for the plea but, at the district court's instruction, described only the two incidents in June and September 1993 that Barefield was expressly linked to in the indictment. The prosecutor, however, did not describe other overt acts by Barefield's co-conspirators that occurred within the five-year statute of limitations period preceding the return of the indictment.[1] Seizing on this, Barefield now seeks to take advantage of the failure to recite overt acts within five years of the indictment to claim that his trial lawyer was constitutionally ineffective for failing to raise a statute-of-limitations defense. The government responds that the conspiracy continued until April 1998, and that because Barefield was a member of the conspiracy, all acts in furtherance of the conspiracy are attributable to him for statute-of-limitations purposes. Barefield waived the statute-of-limitations defense by failing to raise it prior to pleading guilty, see *United States v. Nash*, 29 F.3d 1195, 1201 (7th Cir.1994) (a voluntary plea of guilty waives all non-jurisdictional defenses), and therefore couches his present argument as an ineffective-assistance claim. Thus, the inquiry here is twofold: (1) could counsel have raised a viable statute-of-limitations defense and, if so, (2) did counsel's failure to do so constitute ineffective assistance? We review *de novo* the question whether the statute of limitations had expired. *United States v. Barnes*, 230 F.3d 311, 314 (7th Cir.2000).

■■■ Raising a statute-of-limitations defense below would have been fruitless. Under 18 U.S.C. § 3282, an indictment for a non-capital offense must be brought within five years "after such offense shall have been committed." An offense is

"committed" for purposes of § 3282 when it is "completed . . ., that is, when each element of that offense has occurred." *United States v. Yashar*, 166 F.3d 873, 875 (7th Cir.1999). There is an exception, however, for "continuing offenses," and it is well-established that a conspiracy continues for statute-of-limitation purposes so long as any action is taken in furtherance of the conspiracy. *See United States v. Vivit*, 214 F.3d 908, 918 (7th Cir.2000); *Yashar*, 166 F.3d at 875 ("[t]he classic example of a continuing offense is a conspiracy"). The duration of a conspiracy depends on the scope of the agreement between its members, and the government is not required to prove any overt acts with regard to a particular defendant within the limitations period, but only that the conspiracy existed into the limitations period and that the defendants did not withdraw before that period. *Grunewald v. United States*, 353 U.S. 391, 396–97, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957); *United States v. Curry*, 977 F.2d 1042, 1058 (7th Cir.1992). Indeed, in a complex conspiracy like this one, where each theft involved some but not all of the conspirators, it is immaterial that each co-conspirator did not participate in all the activities or even know all the details of the conspiracy so long as "the results fall within the common purposes of the conspiracy and appellants knowingly contributed toward its furtherance." *United States v. Fitzgerald*, 579 F.2d 1014, 1018–19 (7th Cir.1978) (prosecution of defendants not barred by statute of limitations even though they ceased active participation in the conspiracy seven years before the indictment).

■■■ There is nothing on this record that demonstrates any possible success on a

---

1. To the extent Barefield argues that the prosecutor's proffer of a factual basis for the plea was insufficient, we note that it is not the government's burden to recite facts to defeat a statute-of-limitations defense that was never raised by the defendant. And, as discussed below, counsel's decision not to raise the defense was a sound one.

statute-of-limitations defense, nor has Barefield demonstrated withdrawal from the conspiracy or an attempt to do so.[2] Barefield was charged with and pleaded guilty to participating in a conspiracy that lasted at least seven years, and, though his role was apparently limited, overt acts in furtherance of the conspiracy continued well into 1998. The Indictment contains an exhaustive list of thefts that occurred during the five years leading up to the indictment. By signing the plea agreement and receiving its benefits, Barefield acknowledged that he was a member of the conspiracy as charged. Thus, Barefield is criminally responsible not only for the acts of the conspiracy in which he personally participated, but also for all acts of his co-conspirators undertaken in furtherance of the conspiracy and reasonably foreseeable to him. *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); *United States v. Doyle*, 121 F.3d 1078, 1091 (7th Cir.1997); *Fitzgerald*, 579 F.2d at 1018–19.

■ Perhaps tacitly acknowledging that if he is deemed a co-conspirator his statute-of-limitations argument fails, Barefield offers an additional argument. He contends that the government made a "prosecutorial choice" at the change-of-plea hearing to proceed on an "aider and abettor" theory and that, therefore, his accountable conduct ended in 1993. He concludes, without support, that "the consequence of such a prosecutorial choice is that Appellant's conduct as an abettor, and the illegal conduct of the principal that was thereby facilitated by Appellant, are subject to the five-year statute of limitations period that commenced on the date of such conduct."

But as the government explained at oral argument, the prosecutor's statement regarding aiding and abetting referred only to the theory on which Barefield would rely if the case went to trial. It makes no difference, however, since Barefield may be guilty of conspiracy either as a principal or as an aider and abettor. *United States v. Corral–Ibarra*, 25 F.3d 430, 435–36 (7th Cir.1994) (citations omitted); *see Wright v. United States*, 139 F.3d 551, 552 (7th Cir. 1998) ("The essence of aider and abettor liability is that a person is punished as a principal even though he did not commit the actual elements of the crime."). Aiding and abetting is not a separate criminal offense, but merely a theory of liability that may be used to implicate a defendant as a co-conspirator. Thus, Barefield's attempt to invoke aiding and abetting as a shield from liability for the conspiracy fails.

■ If there are additional facts supporting an alternative theory of ineffective assistance premised on a failure to argue withdrawal (and we are not suggesting there are), the record before us fails to disclose them. As we have held many times, direct appeal is not the preferred method of raising an ineffective assistance of counsel claim precisely because the record may not be sufficiently developed to make the necessary factual determinations. *See United States v. Cruz–Velasco*, 224 F.3d 654, 664 n. 2 (7th Cir.2000); *United States v. Cooke*, 110 F.3d 1288, 1299 (7th Cir.1997) ("This Court's reluctance to consider ineffective assistance claims on direct appeal stems, of course, from the fact that such claims are very

---

2. Even if Barefield had raised such a claim, the argument would fail on this record because he did not demonstrate an affirmative act of withdrawal. *See United States v. Hall*, 212 F.3d 1016, 1022–23 (7th Cir.2000); *United States v. Pandiello*, 184 F.3d 682, 687 (7th Cir.1999) ("In addition to the termination of the defendant's active role in the conspiracy ... withdrawal requires an affirmative act to defeat or disavow the purpose of the conspiracy....").

unlikely to find any factual support in the trial record and an adverse determination of direct appeal will be res judicata in any subsequent collateral attack."); *United States v. Brooks*, 125 F.3d 484, 495 (7th Cir.1997). But whether or not there exist other relevant facts that remain unknown to us, Barefield has pursued his ineffective assistance claim on direct appeal, and so we must decide it on the merits based on the present record. *See United States v. Godwin*, 202 F.3d 969, 973 (7th Cir.2000). In order to prevail on his argument that his trial lawyer was ineffective for failing to raise a statute-of-limitations defense to the conspiracy charge, Barefield must show that "counsel's representation fell below an objective standard of reasonableness," and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In this case, Barefield would have to prove the same thing under each prong–a viable statute of limitations defense that counsel did not raise. Because the conspiracy count to which Barefield pleaded guilty was filled with overt acts of other co-conspirators within the five-years preceding the charge, Barefield could not raise a viable statute-of-limitations defense and his ineffective assistance of counsel claim likewise fails.

AFFIRMED