In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1877

VANCE BRIDGEMAN,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:98-CV-198 RM--Robert L. Miller, Jr., Judge.

Submitted July 21, 2000--Decided October 2, 2000

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

ROVNER, Circuit Judge.   After promising in a plea
agreement not to contest his "sentence" either by
direct appeal or in a collateral proceeding,
Vance Bridgeman pleaded guilty to armed bank
robbery and was sentenced to 103 months in
prison. Bridgeman then filed a motion under 28
U.S.C. sec. 2255, alleging that his counsel was
ineffective in inaccurately advising him on how
much time he would serve, thus rendering his
guilty plea involuntary, as well as in failing to
call an eyewitness (whose testimony the
government stipulated to) at the sentencing
hearing. The district court denied Bridgeman's
motion, apparently interpreting the plea-
agreement waiver as encompassing any sec. 2255
challenge but reasoning that Bridgeman's
ineffective assistance claim survived as an
exception to the waiver. The court went on to
conclude that counsel's advice did not render
Bridgeman's plea involuntary, nor did the absence
of the witness at sentencing prejudice him. We
affirm, although on a different ground.

In December 1996, Bridgeman, Dawan Anderson and
Jessie Parker entered the Community Wide Credit
Union in South Bend, Indiana. Bridgeman demanded
money from a teller as Anderson pointed a gun at
her head. When the teller insisted she had no
money, Anderson and Parker jumped the counter and
took over $9,000 from the teller drawers. The

three then fled in Bridgeman's car.

Bridgeman executed a written plea agreement that included the following term:

I expressly waive my right to appeal my sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742. I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

After Bridgeman pleaded guilty, the probation officer who prepared his presentence investigation report recommended a seven-level upward adjustment pursuant to U.S.S.G. sec. 2B3.1(b)(2)(A) for discharging a firearm in connection with the robbery. The PSR noted that co-defendant Dawan Anderson had admitted at his own plea hearing that Bridgeman took the gun from him as they fled the bank and fired a shot at the pursuing bank manager. Bridgeman countered that he merely displayed the gun, thus warranting only a five-level adjustment under sec. 2B3.1(b)(2)(C).

At sentencing, the government acknowledged that the bank manager could not recall being shot at. Dawan Anderson testified, however, that Bridgeman grabbed the gun from him, pointed it at the manager, and fired a shot up into the air when the manager did not stop. Jessie Parker, who did not object to a seven-level upward adjustment at his own sentencing, testified that he never heard a gunshot but did recall Anderson commenting later that they had gone to the bank with one or two bullets in the gun but returned home with it empty. The district court believed Anderson and Parker, finding it "more likely than not that Bridgeman discharged the firearm to effectuate the getaway from the bank." The court thus increased Bridgeman's offense level by seven levels under sec. 2B3.1(b)(2)(A) and denied any reduction for acceptance of responsibility pursuant to U.S.S.G. sec. 3E1.1(a) because Bridgeman had not been truthful regarding the discharge of the firearm.

Four months after his sentencing, Bridgeman filed a sec. 2255 motion alleging that his counsel rendered ineffective assistance. Bridgeman asserted that counsel had rendered his guilty plea involuntary by misadvising him that the plea agreement would produce a 57-month sentence, and had failed to call the bank manager to testify at the sentencing hearing. The government responded that Bridgeman's plea-agreement waiver barred his sec. 2255 motion,

though the district court allowed the case to proceed on the theory that the government had not argued that Bridgeman waived the right to present a claim that he was denied effective assistance of counsel. Nonetheless, the court denied Bridgeman's motion on the merits, reasoning that his sworn statements at the change of plea hearing belied his contention that counsel's advice rendered his plea involuntary. The court went on to conclude that counsel's failure to call the bank manager at sentencing did not prejudice Bridgeman, since the government had conceded that the manager never heard a shot.

On appeal, the government renews its argument that in the plea agreement Bridgeman waived his right to pursue a sec. 2255 motion, even though at the same time the government explicitly acknowledges that Bridgeman's allegations about counsel relate to his guilty plea as well as his sentence. Plainly the government mischaracterizes the scope of the waiver at issue. A plea agreement that also waives the right to file a sec. 2255 motion is generally enforceable unless the waiver was involuntary or counsel was ineffective in negotiating the agreement. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). But Bridgeman only agreed not to contest his sentence; the plea agreement is silent as to a waiver of any challenge to his underlying conviction. Compare id. at 1067 n.3 ("I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to a proceeding under [28 U.S.C. sec. 2255]") with Jones v. United States, 167 F.3d 1142, 1143 n.1 (7th Cir. 1999) ("your client knowingly and voluntarily waives the right to appeal or contest directly, under 18 U.S.C. sec. 3742 or 18 U.S.C. sec. 2255, or otherwise, his conviction and the eventual sentence . . . on any grounds"). See also United States v. Anglin, 215 F.3d 1064, 1067 (9th Cir. 2000) (scope of waiver is shown by express language of plea agreement and government, as drafter, must be held to agreement's literal terms). Nowhere does the government attempt to explain how Bridgeman's collateral attack on the voluntariness of his guilty plea--a challenge to his conviction, not his sentence--is foreclosed by the language of the waiver in this case./1 See Blacharski v. United States, 215 F.3d 792, 793-94 (7th Cir. 2000) (where appellant only waived right to challenge sentence, he was free to appeal validity of plea agreement). Likewise, the district court misconstrued the plea waiver, interpreting it as an agreement not to file any sec. 2255 petition. Because Mr. Bridgeman never waived his right to challenge his conviction, his claim that his plea was involuntary because his

lawyer misadvised him as to the guideline range is not precluded by the plea agreement.

But although he did not waive it, Bridgeman's claim is patently without merit. Under Strickland v. Washington, 466 U.S. 668, 687-91 (1984), Bridgeman was required to show that his counsel was both incompetent and that, but for his deficient performance, the result would have been different. To demonstrate prejudice arising from a guilty plea allegedly rendered involuntary by counsel's deficient performance, a petitioner must establish that counsel's performance was objectively unreasonable and that, but for counsel's erroneous advice, he would not have pleaded guilty. United States v. Martinez, 169 F.3d 1049, 1052-53 (7th Cir. 1999). Bridgeman falters on the first prong of the Strickland test; counsel's alleged miscalculation, standing alone, could never suffice to demonstrate deficient performance unless the inaccurate advice resulted from the attorney's failure to undertake a good-faith analysis of all of the relevant facts and applicable legal principles. See United States v. Gwiazdzinski, 141 F.3d 784, 790 (7th Cir. 1998); United States v. Barnes, 83 F.3d 934, 939-40 (7th Cir. 1996). Bridgeman has failed to allege facts demonstrating that his counsel's prediction was not undertaken in good faith.

Further, Bridgeman's argument that his counsel's advice rendered his plea unwitting and involuntary is belied by his own statements at the change of plea hearing, which are presumed truthful. See United States v. Standiford, 148 F.3d 864, 868 (7th Cir. 1998). Even after Bridgeman acknowledged that he had read the plea agreement, the court went through the agreement with him paragraph by paragraph to ensure that he understood it. Bridgeman acknowledged in the written agreement that the parties' guidelines calculations did not have to be accepted by the court, and that, if not accepted, could not be a basis for withdrawing the plea. During the plea colloquy, the court carefully explained to Bridgeman that whatever counsel had advised him as to the guideline range was subject to revision by the court, and what the court would determine "may be very different from what you expect" but could not be a basis for withdrawing his plea. Bridgeman was aware of the consequences of his guilty plea despite counsel's alleged prediction; thus, his attorney's representation did not render his plea unwitting or involuntary.

As to Bridgeman's allegations about counsel's performance at sentencing, however, the plea-agreement waiver is effective. See Mason, 211 F.3d at 1069; see also United States v. Joiner,

183 F.3d 635, 645 (7th Cir. 1999). Bridgeman's specific complaint that counsel did not call the bank manager at sentencing has nothing to do with the voluntariness of his waiver, and although the district court did not have the benefit of our Jones decision, we held in that case that even an ineffective assistance claim cannot survive a waiver unless the claim relates specifically to the voluntariness of the waiver itself. Jones, 167 F.3d at 1145.

Bridgeman also raises two other alleged instances of deficient performance by counsel at sentencing that he never brought to the attention of the district court. Arguments never presented to the district court cannot be presented to us for the first time, and so these allegations are not properly before us. See Pierce v. United States, 976 F.2d 369, 371 (7th Cir. 1992) (per curiam).

Accordingly, we affirm the district court's denial of Bridgeman's sec. 2255 petition.

/1 See, e.g., United States v. Cupit, 169 F.3d 536, 539 (8th Cir. 1999) (language of plea agreement waiving right to challenge sentence did not specifically show that parties agreed that restitution award could not be reviewed); United States v. Smith, 160 F.3d 117, 120-21 (2d Cir. 1998) (plea agreement waived only right to appeal sentence; challenge to factual basis of plea was not foreclosed); United States v. Zink, 107 F.3d 716, 718 (9th Cir. 1997) (waiver of right to challenge sentence did not preclude appeal of restitution order).