**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Christopher JONES, Defendant–**
**Appellant.**

**No. 00–1447.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 22, 2001.

Decided Feb. 26, 2001.

Before Hon. BAUER, Hon. CUDAHY, and Hon. POSNER, Circuit Judges.

ORDER

Christopher Jones pleaded guilty to making a bomb threat against a federal building. 18 U.S.C. § 844(e). Jones filed a notice of appeal, but his counsel seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considers all possible grounds for appeal frivolous. We notified Jones of counsel's motion and he has filed a response. After reviewing counsel's *Anders* brief and Jones's response, we conclude that the proposed issues are indeed frivolous. Accordingly, we grant counsel's motion to withdraw and dismiss the appeal.

Counsel first considers whether Jones could challenge his guilty plea. Jones also suggests this issue in his response, contending that his trial counsel

coerced him into pleading guilty. We agree with counsel that a challenge to the voluntariness of Jones's plea would be frivolous. The district court questioned Jones to ensure that he understood the nature of the charge, the possible penalties, and the rights he would waive by pleading guilty. The court further questioned Jones to verify that he had not been pressured into pleading guilty, and Jones's representations during the plea colloquy are presumed truthful, *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir.2000). Although the court failed to advise Jones that it had the authority to depart under the sentencing guidelines, Fed.R.Crim.P. 11(c)(1), we agree with counsel that the omission was harmless. Jones acknowledged both in the plea agreement and during the colloquy that he and his attorney had discussed how the sentencing guidelines would affect his sentence. Moreover, the government recommended a two-level decrease for acceptance of responsibility in the plea agreement, which Jones in fact received.

Counsel next evaluates whether Jones could challenge his sentence. As counsel further notes, however, in the plea agreement Jones "knowingly and voluntarily waive[d] his right to appeal his sentence." Because Jones's guilty plea was knowing and voluntary, the waiver would bar appellate review of his sentence. *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir.1995). We therefore agree with counsel that any challenge to Jones's sentence would be frivolous.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED. Jones's motion for appointment of new counsel is DENIED as moot.