**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John R. KODESH, Defendant–**
**Appellant.**

No. 01–2110.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 9, 2001.

Decided Oct. 11, 2001.

Before POSNER, MANION and ROVNER, Circuit Judges.

ORDER

John R. Kodesh was charged in a two-count indictment with conspiracy to manu-

facture and with distribution of methamphetamine, 21 U.S.C. §§ 846, 841(a)(1). Kodesh initially pleaded not guilty to the charges, but shortly before trial entered into an agreement to plead to the distribution count. The district court accepted his guilty plea at a change of plea hearing. At sentencing, however, the court rejected the plea agreement after expressing concern that the resulting guidelines calculations in the presentence investigation report (PSR) did not reflect the seriousness of Kodesh's conduct in light of the harsher sentence imposed on one of Kodesh's coconspirators. That prompted the probation officer to file an addendum to the PSR, which explained why Kodesh's drug quantity and base offense level were lower than his coconspirator's. The district court accepted this explanation and reset the case for sentencing. Kodesh was assigned a base offense level of 28 and criminal history category III, but the court granted a three-level reduction for acceptance of responsibility. Accordingly, the guideline sentencing range was 70 to 87 months. Kodesh was sentenced to 84 months' imprisonment and three years' supervised release.

Kodesh appeals, but his appointed counsel now seeks to withdraw because he considers all possible grounds for appeal frivolous. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Kodesh responded to counsel's motion pursuant to Circuit Rule 51(b), claiming that he was sentenced in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that he received ineffective assistance of counsel. Counsel's *Anders* brief is facially adequate, and therefore we limit our review of the record to those potential issues counsel identifies. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner,* 103 F.3d 551, 553

(7th Cir.1996). Because we agree with counsel that the potential issues identified are indeed frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

■ Counsel first considers whether Kodesh could contest any of the district court's rulings made prior to his guilty plea. But counsel is correct that a plea of guilty waives all non-jurisdictional errors occurring before the plea. *United States v. Adams*, 125 F.3d 586, 588 (7th Cir.1997).

Next, counsel considers whether Kodesh might contend that his plea colloquy did not satisfy Rule 11 of the Federal Rules of Criminal Procedure. We have held that when a defendant has failed to seek withdrawal of his guilty plea in the district court, we will review a Rule 11 plea colloquy only for plain error. *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir.2001). But even were we to review Kodesh's plea colloquy under the more exacting harmless error standard, *compare United States v. Vonn*, 224 F.3d 1152, 1155 (9th Cir.2000) (holding that Rule 11 has its own review mechanism that supersedes application of Fed.R.Crim.P. 52), *cert. granted*, 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001), we would still agree with counsel that an appeal based on the propriety of the guilty plea would be frivolous.

■ We will uphold a guilty plea if we are satisfied that the defendant was informed of his rights and understood the consequences of his plea. *United States v. Godwin*, 202 F.3d 969, 972 (7th Cir.2000). After reviewing the plea hearing transcript, we agree with counsel that an appeal based on the propriety of the guilty plea would be frivolous. In accordance with Rule 11, the district court ensured that Kodesh understood the nature of the charge against him, the maximum and minimum penalties, the existence and like-

ly effect of the Sentencing Guidelines, and the various rights he would waive by pleading guilty. The court also required the government to proffer an adequate factual basis for its case, which Kodesh affirmed. Moreover, Kodesh acknowledged under oath that he understood the consequences of his guilty plea, that he had not been pressured or coerced to plead guilty, and that his plea was voluntary. These representations are presumed truthful. *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir.2000).

Counsel next considers whether Kodesh could raise any nonfrivolous claim regarding his sentence. As an initial matter, Kodesh objected only to the PSR's proposed criminal history category, the drug quantity, and any upward adjustment for a leadership role in the conspiracy. But the district court lowered Kodesh's criminal history category from a IV to a III as requested, and did not impose an upward adjustment for his role in the offense. Moreover, the drug quantity reduction for which counsel urged would not have altered the sentencing range. Thus, each of Kodesh's objections were answered and met before sentencing, and counsel acknowledged at sentencing that his objections did not challenge the PSR's guideline calculations.

■ Kodesh's Rule 51(b) response to counsel's *Anders* brief proposes two additional bases of appeal. Kodesh first asserts that he could challenge his plea on the ground that the district court lacked jurisdiction to accept his plea because drug quantity was not alleged in the indictment as required by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). But *Apprendi* does not apply in this case because Kodesh's sentence falls below the default statutory maximum of 20 years' incarceration for methamphet-

amine offenses. *See* 21 U.S.C. § 841(b)(1)(C); *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir.2000). Thus such an argument would be frivolous.

■ Kodesh also suggests that he could pursue a claim that counsel rendered ineffective assistance by coercing him to plead guilty. As an initial matter, Kodesh's underlying premise that his plea was not voluntary is belied by his own statements at the change of plea hearing, which, as noted above, are presumed truthful. *See Bridgeman*, 229 F.3d at 592. Moreover, Kodesh explicitly stated at that hearing that he was satisfied with counsel's performance and that he had executed the plea agreement "voluntarily" and without "any promise or assurance ... of any kind in an effort to induce [him] to plead guilty." In any event, ineffective-assistance claims generally are inappropriate on direct appeal because determination of the matter requires evidence that is outside the trial record. *United States v. Brooks*, 125 F.3d 484, 495 (7th Cir.1997). In this case resolving the claim would require examining evidence beyond the record, and thus Kodesh would be better served by bringing it under 28 U.S.C. § 2255 if he desires. *United States v. Harris*, 230 F.3d 1054, 1059 (7th Cir.2000).

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS Kodesh's appeal.