**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anselmo ZAPATA–SALAZAR,**
**Defendant–Appellant.**

**No. 00–3714.**

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 12, 2001.

Decided Oct. 18, 2001.

Before COFFEY, KANNE, DIANE P. WOOD, Circuit Judges.

ORDER

Anselmo Zapata–Salazar pleaded guilty pursuant to a written plea agreement to being found in the United States, without the express consent of the Attorney General, after having been deported, 8 U.S.C. § 1326(a), and was sentenced to 71 months' imprisonment. The plea agreement contained a sentencing appeal waiver; Zapata, nevertheless, filed a notice of appeal. His counsel, unable to identify any nonfrivolous ground for appeal, has moved to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Zapata did not respond to counsel's motion, and counsel's brief is facially adequate, so we limit our review of the record to the issues counsel discusses. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first considers whether Zapata could contest the validity of his plea. After reviewing the transcript from the plea colloquy, we are confident that Zapata's plea was knowing and voluntary. The district court determined that Zapata was competent to enter a plea and advised him of the nature of the charges against him, the possible penalties, and the various rights he would waive by pleading guilty. The district court questioned Zapata about the sentencing appeal waiver contained in

the plea agreement, which reads in pertinent part:

> [T]he defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction or the manner in which that sentence was determined on the grounds set forth in Section 3742 or any ground whatever, in exchange for the concessions made by the United States in this Plea Agreement.

In response Zapata represented to the court that he understood that he was waiving the right to appeal his sentence, and we presume that representation to be truthful, *Bridgeman v. United States,* 229 F.3d 589, 592 (7th Cir.2000). The district court further questioned Zapata to ensure that he was not forced into pleading guilty and determined that an adequate factual basis for his plea existed. Here, the district court fully complied with Rule 11 of the Federal Rules of Criminal Procedure, and therefore an appeal based on the validity of Zapata's plea would be frivolous.

Counsel next assesses whether Zapata could raise a nonfrivolous challenge to his sentence. In particular, counsel considers whether Zapata could argue that the district court erred in refusing to depart downward based on Zapata's status as a deportable alien and in assigning him two criminal history points under U.S.S.G. § 4A1.1(d) for having committed the offense while serving a period of supervised release. But as counsel correctly concludes, the appeal waiver bars consideration of these arguments. An appeal waiver stands or falls with the plea agreement of which it is a part, *United States v. Behrman,* 235 F.3d 1049, 1051 (7th Cir. 2000), and we have already determined that any challenge to the validity of Zapata's plea would be frivolous. The waiver is express and unambiguous, and there is no suggestion in the record that Zapata's sentence was based on a constitutionally impermissible factor or exceeded the statutory maximum. *See Jones v. United States,* 167 F.3d 1142, 1144 (7th Cir.1999). Accordingly, the appeal waiver renders frivolous any challenge to Zapata's sentence.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.