**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth WOLMER, Defendant–
Appellant.**

No. 00–3672.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 21, 2001.
Decided Nov. 21, 2001.

Before POSNER, MANION, and ROVNER, Circuit Judges.

## ORDER

 Kenneth Wolmer worked for Heartland Aircraft Group, Limited ("Heartland") as a sales agent. Heartland brokered deals between aircraft sellers and purchasers and was paid a flat fee for arranging and negotiating the sale, as well as inspecting the aircraft before sale. Wolmer received a commission for each deal that he brokered. From September 1995 until November 1996, however, Wolmer and his employer engaged in a scheme to charge additional commissions by marking up the seller's price when presenting the offer to potential purchasers and then pocketing the difference. Wolmer misrepresented the sales price of planes to six different Heartland customers. He was indicted on three counts of wire fraud in violation of 18 U.S.C. § 1343, but pursuant to a plea agreement pleaded guilty only to the third count. He was sentenced to five months' imprisonment and three years' supervised release. Wolmer filed a notice of appeal, but his appointed lawyer now seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considers Wolmer's appeal to be wholly frivolous. Wolmer was notified of his right to respond to counsel's motion pursuant to Circuit Rule 51(b), and he filed a brief response. After considering counsel's brief, Wolmer's response, and the relevant portions of the record, we agree with counsel's assessment that an appeal would be frivolous and accordingly grant the motion to withdraw and dismiss the appeal.

Counsel first considers whether Wolmer could challenge his guilty plea as involuntary. But having reviewed the plea colloquy, we are satisfied that the district court complied with the procedure set forth in Federal Rule Criminal Procedure 11. The court explained the nature of the charge, the possible penalties, and the rights that Wolmer would waive by pleading guilty. The court also ensured that Wolmer had not been threatened or coerced into pleading guilty. Under either the plain error standard, *see United States v. Driver,* 242 F.3d 767, 769 (7th Cir.2001), or the harmless error standard, *see United States v. Vonn,* 224 F.3d 1152, 1155 (9th Cir.2000), *cert. granted,* 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001), we agree with counsel that any such argument would be frivolous.

Counsel next considers whether Wolmer could challenge his prison sentence. We agree with counsel that an appeal on this ground would be frivolous because, under the terms of the plea agreement, Wolmer waived his right to

appeal "any sentence within the maximum provided in the statute of conviction," which in this case includes only the term of imprisonment. *See* 18 U.S.C. § 1343; *see also United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir.2000) (voluntary waivers of appeal are valid and enforceable); *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir.1995) (appeal waivers "stand or fall" with the agreement of which they are a part; if the agreement is voluntary and in compliance with Rule 11, the appeal waiver will be honored). The appeal waiver, which is express and unambiguous, states in pertinent part:

> [T]he defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction ..., in exchange for the concessions made by the United States in this Plea Agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack.... The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel....

Thus, looking to the language of § 1343, Wolmer waived his right to appeal his prison sentence. At the change-of-plea hearing, the district court confirmed that Wolmer understood the ramifications of this clause. The court informed him that "the most important thing for you to understand is that if you plead guilty today, that pretty well ends it as far as your guilt is concerned." The government then reminded the court and Wolmer that the waiver also encompassed the "right to appeal from any determination that [the court] might make in regard to these disputed guideline issues." Wolmer represented to the district court that he understood that he was waiving his right to appeal these portions of his sentence; we presume that such representations are truthful. *See Bridgeman v. United States*,

229 F.3d 589, 592 (7th Cir.2000). In addition, as noted above, the district court complied with Rule 11 by ensuring that his plea was wholly voluntary and uncoerced. Thus, an appeal based on Wolmer's sentence would be frivolous.

■ Counsel lastly considers whether Wolmer could claim that the amount of restitution ordered by the court was excessive. Counsel correctly notes that Wolmer could challenge the restitution amount because that element of his sentence was beyond the scope of the appeal waiver. *See Behrman*, 235 F.3d at 1052. But any such argument would be frivolous because Wolmer expressly agreed to the restitution amount stipulated in his plea agreement and acknowledged that 18 U.S.C. § 3663A requires the court to order the defendant to make restitution to the victims of his fraud. Accordingly, this argument would fail as well.

■ In his response to counsel's *Anders* brief, Wolmer complains that his lawyer was ineffective for encouraging him to plead guilty without fully informing him of the consequences of that plea, including the sentencing range. Unfortunately, Wolmer's *post-hoc* complaint that counsel misled him as to the content of the plea agreement is flatly contradicted by his statements during the change-of-plea hearing, which as noted above are presumed truthful. *See Bridgeman*, 229 F.3d at 592. Wolmer testified at the hearing that he was satisfied with counsel's representation, that he had read the plea agreement, and that he understood that his sentence could be set within the applicable guideline range.

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.