**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony MAGEE, Defendant–
Appellant.**

**No. 01–2163.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 14, 2001.

Decided Dec. 20, 2001.

Before FAIRCHILD, RIPPLE, and WILLIAMS, Circuit Judges.

### ORDER

Anthony Magee pleaded guilty to distributing crack cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to 135 months' imprisonment followed by three years' supervised release. Mr. Magee filed a notice of appeal, and Mr. Magee's counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), explaining that he is unable to identify a nonfrivolous ground for appeal. Mr. Magee submitted a response to counsel's motion under Circuit Rule 51(b), proposing various arguments regarding his sentence, including (1) that he was sentenced based on undisclosed drug quantities for which there was an insufficient factual basis; and (2) that he was sentenced in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the drug quantities were not alleged in the indictment. Counsel's *Anders* brief is facially adequate, and we thus limit our review of the record to the potential issues that counsel and Mr. Magee discuss. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam). Because we conclude that an appeal raising those issues would be frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

Counsel first considers whether Mr. Magee could challenge his guilty plea on the ground that it was not knowing or voluntary. Counsel concludes that such an argument would be frivolous because the district court complied with Federal Rule of Criminal Procedure 11. Upon our review of Mr. Magee's plea colloquy, we agree with counsel. First, the district court determined that Mr. Magee was competent to enter a plea and thoroughly questioned him regarding the nature of the charge, the possible penalties, the various rights he would waive by pleading guilty, and the implications of his appeal waiver. Further, Mr. Magee testified under oath that he was not forced to plead guilty, and he personally recounted a factual basis for his plea. We presume Mr. Magee's representations to be true. *See Bridgeman v. United States,* 229 F.3d 589, 592 (7th Cir. 2000). Because the district court fully complied with Rule 11, an appeal based on the validity of Mr. Magee's plea would be frivolous.

Counsel next considers whether Mr. Magee could argue that the government breached the plea agreement by failing to recommend a downward departure based on Mr. Magee's substantial assistance to authorities. *See* U.S.S.G. 5K1.1. But Mr. Magee concedes in his Rule 51(b) response that the government did not breach the plea agreement. In any event, Mr. Magee forfeited the breach argument by failing to raise it in the district court, and we thus would review it only for plain error. *See United States v. Williams,* 272 F.3d 845, 854–55 (7th Cir.2001). According to the plea agreement, "the government [ ] retains the sole discretion whether the information provided by [Mr. Magee] merits the filing of any § 5K1.1 downward departure motion." Thus an appeal based on the government's breach of the plea agreement would be frivolous because the government had the discretion not to file a departure motion and because the record does not indicate that Mr. Magee ever provided information warranting a 5K1.1 departure. *See United States v. Jones,* 209 F.3d 991, 997–98 (7th Cir.2000); *United States v. Burrell,* 963 F.2d 976, 985 (7th Cir.1992).

Counsel finally considers whether Mr. Magee could challenge his sentence. But as counsel correctly explains, Mr. Magee's plea agreement contained a waiver of his right to appeal his sentence:

> I expressly waive my right to appeal my sentence on any ground, including any appeal right conferred by Title 18, United States Code 3742. I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under Title 28, United States Code, Section 2255.

We will uphold an appeal waiver so long as the defendant voluntarily agreed to the waiver, *United States v. Hare,* 269 F.3d 859, 860 (7th Cir.2001), and we have already determined that Mr. Magee's plea was voluntary. Thus Mr. Magee waived both the arguments that (1) he was sentenced based on undisclosed drug quantities for which there was an insufficient factual basis; and (2) that he was sentenced in violation of *Apprendi* because the drug quantities were not alleged in the indictment. In any event, those arguments would be frivolous had he not waived them. First, Mr. Magee's drug quantity argument would be. frivolous because he never objected that the drug quantities were undisclosed, and the district court based its finding that Mr. Magee sold more than 100 grams of cocaine base on the testimony of three witnesses describing the purchases from Mr. Magee. *See U.S. v. Galbraith,* 200 F.3d 1006, 1011 (7th Cir.2000) (holding that at sentencing

the government must prove the quantity of drugs only by a preponderance of the evidence). Second, Mr. Magee's *Apprendi* argument would be frivolous because his prison term falls below the default statutory maximum of 20 years' incarceration for cocaine offenses. *See* 21 U.S.C. § 841(b)(1)(C); *Talbott v. Indiana,* 226 F.3d 866, 869 (7th Cir.2000). Thus any challenge to Mr. Magee's prison sentence would be frivolous.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.