**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony O. JACKSON, Defendant–Appellant.**

**No. 01–2690.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 1, 2002.

Decided Feb. 1, 2002.

Before COFFEY, MANION, and WILLIAMS, Circuit Judges.

## ORDER

Anthony Jackson pleaded guilty to possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to 151 months' imprisonment. Jackson filed a timely notice of appeal, but his attorney, unable to identify a nonfrivolous ground for appeal, has moved to withdraw. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, and since Jackson did not respond to his attorney's motion to withdraw, *see* Cir. R. 51(b), we limit our review of the record to the potential issues counsel's brief identifies. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997).

█ Counsel first considers whether Jackson could argue that his guilty plea was not entered knowingly and voluntarily. Jackson did not move to withdraw his plea in the district court; therefore, we would review only for plain error. *See United States v. Driver,* 242 F.3d 767, 769 (7th Cir.2001). Before accepting Jackson's guilty plea, the district court was required to assure itself that Jackson understood his rights and could voluntarily and intelligently decide between the various alterna-

tives available to him. *See* Fed.R.Crim.P. 11; *United States v. Jeffries,* 265 F.3d 556, 558 (7th Cir.2001). Accordingly, the district court conducted an extensive Rule 11 colloquy, first reviewing the plea agreement paragraph by paragraph to ensure that Jackson understood each part, and then advising Jackson of the nature of the charges against him, the minimum and maximum penalties he would face under the sentencing guidelines, and the rights he would wave by pleading guilty. *See United States v. Godwin,* 202 F.3d 969, 972 (7th Cir.2000). Furthermore, the district court specifically inquired whether anyone induced Jackson's guilty plea with false promises, assurances, or the use of force. *See* Fed.R.Crim.P. 11(d). Since Jackson answered under oath that understood the terms of the agreement and that his plea was voluntary, we presume his responses to be truthful. *See Bridgeman v. United States,* 229 F.3d 589, 592 (7th Cir.2000). Accordingly, we agree with counsel that any challenge to Jackson's guilty plea would be frivolous.

█ Counsel next considers whether Jackson could challenge his sentence, despite having explicitly waived his right to dispute on appeal either the sentence or the manner in which it was determined. We will uphold Jackson's waiver if we find that it was express and unambiguous, *see United States v. Woolley,* 123 F.3d 627, 631 (7th Cir.1997), and if the sentence imposed did not exceed the statutory maximum or result from the district court's reliance on an unconstitutionally impermissible factor, *see Jones v. United States,* 167 F.3d 1142, 1144 (7th Cir.1999). Jackson signed a written plea agreement expressly incorporating the appeal waiver, and when the district court reviewed this provision with Jackson during the plea colloquy, Jackson assured the court that he was waiving his appellate rights knowingly and voluntarily. *See Bridgeman,* 229 F.3d at 592 (response given under oath pre-

sumed truthful). Jackson's sentence of 151 months' imprisonment falls well below the statutory maximum, see 21 U.S.C. § 841(b)(1)(C) (establishing a default 20–year statutory maximum for cocaine offenses), and nothing in the record suggests that it was based on a constitutionally impermissible factor. Furthermore, counsel observes that no nonfrivolous basis exists to challenge Jackson's sentence because his only objections to the presentence report were either withdrawn or resolved in his favor at sentencing. Accordingly, after reviewing the plea agreement, the transcripts of the change-of-plea and sentencing hearings, and the PSR, we agree that any challenge to Jackson's sentence would be frivolous.

Counsel's Motion to Withdraw is GRANTED and the appeal is DISMISSED.