**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tommie Dashawn HARRIS,**
**Defendant–Appellant.**

No. 01–3328.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 9, 2002.

Decided Oct. 9, 2002.

Before Hon. KENNETH F. RIPPLE, Hon. MICHAEL S. KANNE, Hon. ILANA DIAMOND ROVNER, Circuit Judges.

### ORDER

In 1996 Tommie DaShawn Harris began dealing crack cocaine in Carbondale, Illinois, along with other gang members. In March 2000 he was caught selling less than five grams of crack to a confidential informant. Mr. Harris pleaded guilty without a written plea agreement to one count of conspiracy to distribute cocaine base, 21 U.S.C. §§ 841(a)(1), 846, and two counts of distribution of cocaine base, 21 U.S.C. § 841(a)(1). At sentencing the district court found that Mr. Harris' relevant offense conduct involved over 700 grams of crack and sentenced him to concurrent terms of 216 months' imprisonment followed by four years of supervised release. Mr. Harris filed a timely notice of appeal, but his appointed counsel has moved to withdraw because he is unable to discern a non-frivolous basis for appeal. We gave Mr. Harris the opportunity to respond to counsel's motion pursuant to Circuit Rule 51(b), but he did not file a response. Instead, he filed a motion for appointment of new counsel. Because his present counsel's brief is facially adequate, we limit our review to the potential issues counsel identifies. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997).

■ Counsel first considers whether Mr. Harris could challenge the validity of his guilty plea, but concludes that such an argument would be frivolous because the district court complied with Federal Rule of Criminal Procedure 11. We agree. Nothing we have seen suggests that Mr. Harris wants to withdraw his plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002). Nor does the record reveal any basis for him to do so. In accordance

with Rule 11, the district court thoroughly questioned Mr. Harris to ensure that he understood the charges against him, the potential penalties he faced, and the rights that he was waiving by pleading guilty. Mr. Harris assured the court that his guilty pleas were voluntary, that he understood the possible penalties, and that he was aware of the ramifications of pleading guilty—including that his relevant conduct could be used to calculate his sentence under the guidelines. We presume Mr. Harris' representations to be true. *See Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir.2000). Finally, the district court satisfied Rule 11 by requiring the government to proffer an adequate factual basis for its case, which Mr. Harris, after some initial reluctance, affirmed. Thus, any appeal based on the validity of Mr. Harris' pleas would be frivolous.

Counsel next examines whether Mr. Harris could mount a non-frivolous challenge to his prison sentences. First, he considers whether Mr. Harris could argue that the district court failed to follow the procedures outlined in Federal Rule of Criminal Procedure 32. Counsel points out, however, that the district court gave Mr. Harris ample opportunity to review and comment on the presentence report and to present evidence and speak on his own behalf at sentencing. After imposing sentence, the district court properly advised Mr. Harris of his right to appeal. We therefore agree with counsel that any argument that Mr. Harris did not receive the procedural protections of Rule 32 would be frivolous.

■ Finally, counsel evaluates a potential attack on the district court's drug-quantity calculation. We would review the district court's factual findings regarding drug quantity only for clear error. *See United States v. Galbraith*, 200 F.3d 1006, 1011 (7th Cir.2000). Where, as here, those

findings are based upon the court's evaluation of a witness' credibility, they are nearly impossible to upset. *See Knox*, 287 F.3d at 670. The district court found the government's witnesses credible, and based on their testimony determined that Mr. Harris was responsible for dealing more than 700 grams of crack. This determination would not be considered clearly erroneous. One of Mr. Harris' co-conspirators, Terrell Walker, testified that in mid–1998 he accompanied Mr. Harris on three trips to Chicago in which he, Mr. Harris, and another individual bought nearly ten ounces (269 grams) of crack to sell in Carbondale. Another co-conspirator, Nikita Spencer, testified that he supplied Mr. Harris with a total of ten ounces (284 grams) of crack during the summer of 1998 to sell in Carbondale. The district court also credited the testimony of Sergeant Robert Burns. Burns testified that Mr. Harris and others were suspected of selling crack out of a mobile home in Carbondale in 1996 and that, in an interview following his 1997 arrest for crack distribution, Maurice Johnson reported that he saw Mr. Harris with five ounces of crack (142 grams) during that time. The district court found that Johnson's testimony was corroborated by the statements given by another Carbondale crack dealer, Nolan Gant. Gant told FBI agent Paula Parkinson that he observed Mr. Harris with one to two ounces of crack at the mobile home where Gant had purchased small amounts of the drug from Mr. Harris on several occasions. Parkinson also testified that Travis Taylor told her that he obtained ten grams of crack from Mr. Harris in late 1999 and early 2000. Nothing in the record hints that this evidence was unreliable, and counsel rightly concludes that it would be frivolous for Mr. Harris to contend that the district court clearly erred by relying on it.

Mr. Harris perhaps could argue that the district court erred by counting the 142 grams that Johnson saw him with in 1996 because that conduct was too attenuated to qualify as part of the same course of conduct as the charged offenses. *See* U.S.S.G. § 1B1.3(a)(2); *United States v. Bacallao*, 149 F.3d 717, 719 (7th Cir.1998). Indeed, Mr. Harris' indictment charged that the conspiracy began two years later in 1998, and Mr. Harris committed the other two charged crack distribution offenses in 2000. However, as counsel points out, Walker and Spencer's testimony alone attributes more than 500 grams of crack to Mr. Harris, which was sufficient to trigger a base offense level of 36. Thus, even if the 142 grams were excluded from the district court's calculation, Mr. Harris' sentences would not be affected.

Accordingly, we GRANT counsel's motion to withdraw, and DISMISS the appeal. We DENY Mr. Harris' motion for appointment of counsel as moot.