Debra L. **FISHER–LARUE,** Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 02–3252.

United States District Court,
C.D. Illinois.

June 30, 2003.

Debra L. Fisher–LaRue, pro se, Wilmington, NC, for Petitioner.

Patrick J. Chesley, Office of U.S. Attorney Assistant U.S. Attorney, Springfield, IL, for Respondent.

1. Mrs. Fisher–LaRue has submitted 31 pages of facts along with her Memorandum in Support of Petition Under 28 U.S.C. § 2255. The great majority of those facts are irrelevant to

### OPINION

RICHARD MILLS, District Judge.

Petitioner Debra Fisher–LaRue has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255.

### STATEMENT OF RELEVANT FACTS[1]

On July 21, 2000, a grand jury indicted Mrs. Fisher–LaRue and her husband for mail fraud (18 U.S.C. § 1341) and tax evasion (26 U.S.C. § 7201). Mr. LaRue searched the internet for an attorney to represent his wife. One site that Mr. LaRue visited was Izen & Associates, P.C. The site boasted that Joseph A. Izen, Jr. had a national defense practice and won numerous battles with the Internal Revenue Service. Mr. LaRue called Mr. Izen and asked him to represent Mrs. Fisher–LaRue. Mr. Izen said that he would represent Mrs. Fisher–LaRue if Mr. LaRue agreed to retain Matthew Gilmartin as his counsel. Apparently, Mr. Izen knew Mr. Gilmartin and worked with him on other tax cases. Mr. Izen told Mr. LaRue that he would give him and his wife "a deal" on their representation, charging them a total of $60,000 for both defenses. Forty-five thousand dollars of this sum was to be paid to Mr. Izen for representing Mrs. Fisher–LaRue. The remaining $15,000 was to be paid to Mr. Gilmartin for representing Mr. LaRue. Mr. LaRue and his wife agreed to Mr. Izen's terms.

According to Mrs. Fisher–LaRue, Mr. Izen's representation was unsatisfactory. Mr. Izen never prepared himself or Mrs. Fisher–LaRue for trial and never discussed the United States Sentencing Guidelines with her. He did not, for the

Mrs. Fisher–LaRue's claim. The Court will mention only those facts which directly bear on Mrs. Fisher–LaRue's habeas petition.

most part, timely respond to her questions and concerns. Furthermore, he did nothing to determine whether an immunity agreement that Mrs. Fisher–LaRue's previous attorney worked on was still in place.

On March 21, 2001, the Court ruled that Mrs. Fisher–LaRue violated the terms of her immunity agreement by providing false information to the Government. Shortly after the hearing ended, Mr. Izen and the Government discussed the possibility of a plea agreement. The next day Mrs. Fisher–LaRue, after meeting with her attorney for an hour, entered into a plea agreement with the Government. In exchange for a guilty plea on mail fraud and tax evasion, the Government agreed—among other things—to drop ten counts against Mrs. Fisher–LaRue, to give her acceptance of responsibility even though she lied to case agents, and to refrain from seeking an enhancement for her role in the offense. For her part, Mrs. Fisher–La-Rue agreed to waive her right to collaterally attack her conviction and sentence unless she could establish ineffective assistance of counsel.

At the change of plea hearing, Mrs. Fisher–LaRue admitted that she knew what she was doing by pleading guilty, that she had ample time to discuss her case with Mr. Izen, that she was satisfied with Mr. Izen's work, that she was voluntarily pleading guilty, and that she had read the plea agreement and discussed it in detail with Mr. Izen. Accordingly, the Court accepted her guilty plea.

On October 22, 2001, the Court sentenced her to 18 months in prison, three years of supervised release, ordered her to pay a special assessment of $100.00 and make restitution in the amount of $1,830,266.71. Mrs. Fisher–LaRue did not appeal her sentence. However, she timely filed this collateral attack on September 30, 2002, claiming that her counsel was ineffective due to a conflict of interest

arising from the fee arrangement with Mr. Gilmartin. She also claims that Mr.Izen was ineffective in the way he negotiated her plea agreement.

## ANALYSIS

### 1. Conflict of Interest Claim

 To prevail on a conflict of interest claim, a petitioner must show that her attorney possessed an actual conflict of interest with his client and that his performance was adversely affected because of that conflict. *See Stoia v. United States,* 109 F.3d 392, 395 (7th Cir.1997). Mrs. Fisher–LaRue argues that a fee splitting arrangement between Mr. Izen and Mr. Gilmartin caused a conflict of interest between her and Mr. Izen. However, Mrs. Fisher–LaRue's own pleadings contend that each man was separately retained and paid. Thus, there does not appear to have been any fee splitting here.

 The still greater hurdles to Mrs. Fisher–LaRue's petition are the actual conflict of interest and prejudice components of her claim. An actual conflict exists if an attorney is torn between two different interests. *Id.* In this case, Mrs. Fisher–LaRue fails to show how Mr. Izen was torn between two different interests. She never discusses the matter or indicates what two interests Mr. Izen was torn between. Instead of providing facts, she merely speculates and offers conclusory allegations about the impropriety of Mr. Izen and Gilmartin's fee arrangement. These efforts are plainly lacking. *See Jones v.United States,* 167 F.3d 1142, 1146 (7th Cir.1999) (conclusory allegations are insufficient to sustain a petitioner's burden). Worse, Mrs. Fisher–LaRue fails to show how Mr. Izen's alleged fee splitting prejudiced her defense. Absent such a showing, Mrs. Fisher–LaRue simply cannot prevail on her conflict of interest claim.

*See Barnhill v. Flannigan,* 42 F.3d 1074, 1078 (7th Cir.1994) (the Court simply will "not presume a conflict of interest where none is demonstrated").

### 2. *Plea Agreement*

██ Generally, a plea agreement which waives the right to file a § 2255 motion is "enforceable unless the waiver was involuntary or counsel was ineffective in negotiating the agreement." *See Bridgeman v. United States,* 229 F.3d 589, 591 (7th Cir.2000), citing *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir.2000). In order to prove that an attorney was ineffective in negotiating a plea agreement, a petitioner must show that counsel's performance was "objectively unreasonable and that, but for counsel's erroneous advice, [she] would not have pleaded guilty." *See Bridgeman,* 229 F.3d at 591, citing *United States v. Martinez,* 169 F.3d 1049, 1052–53 (7th Cir.1999).

██ Mrs. Fisher–LaRue argues that the plea agreement she signed was objectively unreasonable because her attorney did not consult her while negotiating it and because he pressured her to accept the agreement "quickly" by saying it was "all that the government was going to agree to." The record belies Mrs. Fisher–LaRue's claim.

Mrs. Fisher–LaRue had from the time the Grand Jury indicted her on July 21, 2000, to consider whether or not she wanted to plead guilty. Furthermore, after the Government offered her a plea agreement on March 21, 2001, she had a day to decide whether to accept it. Not only does Mrs. Fisher–LaRue admit these facts in her pleadings, she states that she reviewed the plea agreement with her attorney for an hour before she signed it on March 22, 2001.

Moreover, Mrs. Fisher–LaRue admitted at the change of plea hearing that she knew what she was doing by pleading guilty, that she had ample opportunity to discuss her case with her attorney, that she was satisfied with her attorney's representation, that she was pleading guilty by her own free will, and that she had read the plea agreement and discussed it in detail with her attorney. As much as she would like to distance herself from those statements now that she has this § 2255 petition pending, Mrs. Fisher–LaRue's statements at the plea hearing are presumed to be true. *See United States v. Standiford,* 148 F.3d 864, 868 (7th Cir. 1998).

Looking either at Mrs. Fisher–LaRue's statements during her change of plea hearing, or those contained in her pleadings, one must conclude that Mrs. Fisher–LaRue had plenty of time to decide whether to accept the Government's plea offer. Her decision may have been a difficult one, but it was undoubtedly the product of deliberate and voluntary thought.

Beyond that, the record shows Mrs. Fisher–LaRue's guilty plea was not prejudiced by her attorney's conduct. Defense counsel may not have been as prepared as Mrs. Fisher–LaRue would have liked and he may not have been as attentive as he could have been, but that does not mean he was ineffective. Counsel properly assessed Mrs. Fisher–LaRue's guilt and advised her to accept the Government's plea offer. He cannot be faulted for this advice considering that Mrs. Fisher–LaRue's own habeas pleadings acknowledge her guilt and complete lack of a meritorious defense. Given this, Mrs. Fisher–LaRue cannot assert that "but for counsel's erroneous advice, [she] would not have pleaded guilty." *See Bridgeman,* 229 F.3d at 591.

*Ergo,* Petitioner Debra Fisher–LaRue's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 (d/e 1) is DE-

NIED. This case is CLOSED. All pending motions are DENIED AS MOOT.

IT IS SO ORDERED.