**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carlos DELGADO–PALADINES, Defendant–Appellant.**

No. 02–3560.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 31, 2003.

Decided Nov. 3, 2003.

Thomas W. Szromba, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Carlos E. Delgado–Paladines, Atlanta, GA, pro se.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

**ORDER**

Carlos Delgado–Paladines, an Ecuadorian citizen, pleaded guilty to being present in the United States without permission after having been deported, in violation of 8 U.S.C. § 1326. The district court sentenced him to 37 months' imprisonment, three years of supervised release, and a $100 special assessment. Delgado appeals, but his appellate counsel moves to with-

draw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot discern any non-frivolous issue for appeal. We limit our review to the potential issues identified in counsel's facially adequate *Anders* brief. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). Delgado was notified of his counsel's motion, *see* Cir. R. 51(b), but he has not responded. Because we agree that the potential issues counsel discusses would be frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

Counsel first considers whether Delgado could argue that the district court erred when it denied his request for new counsel. As long as a defendant was given the opportunity to explain his reasons for requesting new counsel, we review the denial of that request only for abuse of discretion. *United States v. Golden*, 102 F.3d 936, 940 (7th Cir.1996). The judge in this instance addressed Delgado's motion immediately before the change-of-plea hearing and, after questioning Delgado about his reasons for seeking new counsel, concluded that Delgado wanted a new attorney because he hoped that a different lawyer could help him obtain a lesser sentence. Because Delgado confirmed that he was dissatisfied with the sentence that resulted from the applicable sentencing range and not with his attorney's representation, the discussion was sufficient. *See United States v. Goad*, 44 F.3d 580, 589 (7th Cir.1995) (finding inquiry sufficient where judge confirmed his understanding of defendant's concerns).

To show that the judge abused his discretion, Delgado would have to prove—among other factors—that a "total lack of communication" between him and his attorney prevented him from presenting an adequate defense. *Golden*, 102 F.3d at 941. But in support of his motion Delgado did not allege that he had any difficulty communicating with his attorney. *See Goad*, 44 F.3d at 590 (noting that confusion about the sentencing guidelines was insufficient to show a lack of communication). Indeed, Delgado stated during the change-of-plea hearing that he had sufficient opportunities to discuss the case with his attorney and had received a full explanation of his rights, and we presume his responses at the hearing to have been truthful. *See Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir.2000). Accordingly, we agree with counsel that any challenge to the district court's denial of Delgado's motion to substitute counsel would be frivolous.

Counsel next considers whether Delgado could challenge his prison and supervised release terms, concluding that any such challenge would be frivolous. Before sentencing Delgado submitted a "Sentencing Memorandum" in which he stated that he agreed with the probation officer's calculation of the offense level (13), criminal history level (VI), and sentencing range (33 to 41 months). At sentencing the court asked the parties whether they had any "corrections or deletions" to the presentence report, and Delgado's attorney replied that he had none. Since Delgado knew the contents of the presentence report and "affirmatively decided not to object," he waived his right to appeal the determination of his guideline range. *United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000). Further, Delgado did not request a downward departure. And since Judge Hibbler sentenced Delgado to 37 months' imprisonment when he could have sentenced him to 33 months, we have no reason to believe that Judge Hibbler thought Delgado deserved a sentence below the guideline range. *See United States v. Wilson*, 134 F.3d 855, 869 (7th Cir.1998). Thus, we agree that any challenge to the district court's application of

the sentencing guidelines would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.