ORDER
Harrison Jeffries, Jr., pleaded guilty to one count of bankruptcy fraud, 18 U.S.C. § 157, and was sentenced to three years’ probation with four months of home confinement. He was ordered to pay $9,718.03 in restitution and a $100 special assessment. Jeffries appeals, but his appellate counsel—who also represented him in the district courU-moves to withdraw pursuant to Anders v. California, 386 U.S. *491 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she cannot discern any nonfrivolous issue for appeal. Jeffries has submitted a response under Circuit Rule 51(b). Because we conclude that the one potential issue identified by counsel and Jeffries is frivolous, we grant counsel’s request to withdraw and dismiss the appeal.
Jeffries owned a residence at 12115 S. Michigan Avenue in Chicago from October 1975 until the mortgage company foreclosed on the property in July 1994. Jeffries repurchased the home in June 1996 but again fell behind on his mortgage payments, and the new mortgage company likewise moved to foreclose. In an effort to stall the foreclosure proceedings, Jeffries filed for bankruptcy under Chapter 13. When that petition was denied, Jeffries just filed a new one. Indeed, in an effort to avoid making payments on the residence, Jeffries filed a total of 17 petitions over an 11-year period, claiming ownership of the property at 12115 S. Michigan under various names and social security numbers. When a bankruptcy trustee discovered the numerous petitions, Jeffries was charged with nine counts of bankruptcy fraud; he later pleaded guilty to one count.
Counsel submits that the only possible argument not foreclosed by the appeal waiver included in Jeffries’s plea agreement is that his guilty plea should be set aside because of noncompliance with Federal Rule of Criminal Procedure 11. In his Rule 51(b) response Jeffries argues that his guilty plea should be vacated, so counsel properly considered this potential issue. See United States v. Knox, 287 F.3d 667, 670-71 (7th Cir.2002). Still, Jeffries never moved to withdraw his plea in the district court, so we would review the plea colloquy only for plain error. United States v. Vonn, 535 U.S. 55, 58-59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); United States v. Kelly, 337 F.3d 897, 905 (7th Cir.2003).
We agree with counsel that the district court substantially complied with Federal Rule of Criminal Procedure 11. Jeffries nevertheless contends that his guilty plea was not knowing and voluntary, arguing that the charges against him resulted from a case of “mistaken identity” and that he pleaded guilty only “under threat of imprisonment.” In support Jeffries submits that he did not own the property at 12115 S. Michigan at the time of the bankruptcy filings and that the fraudulent petitions were filed by his son, who shares the same name. But at the change-of-plea hearing Jeffries stated that his guilty plea was voluntary. And at the hearing Jeffries admitted to filing bankruptcy petitions using false names in order to prevent the bank from foreclosing on the property at 12115 S. Michigan. We presume that his responses at the sentencing hearing were truthful, see Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir.2000), so he cannot now deny them.
Accordingly, we agree with counsel that any argument challenging Jeffries’s guilty plea would be frivolous. Counsel’s motion to withdraw is GRANTED, Jeffries’s motions to appoint substitute counsel are both DENIED, and the appeal is DISMISSED.