**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2006
Decided March 29, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1517

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 02-CR-1073-4 |
| PATRICIA DAUGHERTY, *Defendant-Appellant.* | John W. Darrah, *Judge.* |

**ORDER**

Patricia Daugherty pleaded guilty to one count of wire fraud, 18 U.S.C. § 1343. Daugherty and several others participated in a scheme to purchase merchandise from Chicago-area merchants with stolen or counterfeit checks and then return the purchases for cash refunds. She was sentenced to 21 months' imprisonment and two years' supervised release. She was also ordered to pay over $36,000 in restitution and a $100 special assessment. Daugherty filed a notice of appeal, but her appointed lawyer has moved under *Anders v. California*, 386 U.S. 738 (1967), to withdraw because she cannot discern a nonfrivolous argument for appeal. We invited Daugherty to respond per Circuit Rule 51(b), and she has done so. Since counsel's brief is facially adequate, we will discuss only those potential

arguments mentioned in counsel's brief and Daugherty's responses. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel correctly declined to discuss whether Daugherty might argue that her guilty plea was involuntary or otherwise taken in violation of Federal Rule of Criminal Procedure 11 since Daugherty had not indicated that she wanted the plea set aside. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). In her response Daugherty now says that she never "endorsed" her plea agreement with the government. This potential argument is frivolous. At the plea colloquy the district court discussed with Daugherty the specific terms of her written plea agreement, and she acknowledged that she had read and signed it after discussing it with her lawyer. *See United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004) (explaining that representations made under oath during plea colloquy are presumed truthful); *United States v. Bridgeman*, 229 F.3d 589, 592 (7th Cir. 2000) (same).

The other potential issues mentioned by counsel and Daugherty are also frivolous. Counsel evaluated whether Daugherty might challenge her sentence on Sixth Amendment grounds because the district court engaged in fact finding in calculating her guidelines imprisonment range. But *United States v. Booker*, 543 U.S. 220, 258-59 (2005), solved any Sixth Amendment problem created by application of the sentencing guidelines by making them advisory. *See also United States v. Belk*, 435 F.3d 817, 819 (7th Cir. 2006); *United States v. Della Rose*, 435 F.3d 735, 736 (7th Cir. 2006). Counsel next raises the possibility that Daugherty could argue that the district court violated *Booker* by treating the guidelines as mandatory. But she correctly dismisses this potential argument because the district court sentenced Daugherty after *Booker* was decided and did in fact treat the guidelines as advisory.

Finally, Daugherty suggests that both her trial counsel and her appellate counsel were ineffective. We have frequently said that claims of ineffective assistance of counsel are more appropriately raised in a collateral proceeding under 28 U.S.C. § 2255 where the record can be further developed. *See, e.g., United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). This case is no exception.

For the foregoing reasons we GRANT counsel's motion and DISMISS the appeal.